FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR OF PUERTO RICO, ETC., Plaintiff and Appellee, v. RAFAEL ROMÁN, Defendant and Appellant.

No. 10595. Argued February 11, 1952.—Decided April 3, 1952.

H. *Ramos Mimoso* for appellant. *Joaquín Gallart Mendía,* Cousel for the Department of Labor, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The Commissioner of Labor filed this suit for wages against Rafael Román on behalf of certain employees of Román. The defendant has appealed from the judgment of the district court, assigning three errors. The first assignment is that the lower court erred in holding that the original Mandatory Decree No. 12 for the transportation industry covered the defendant between January 22, 1947 and May 7, 1947.

We passed on this same point in *Sierra* v. *Ramos Mimoso et al.,* decided by a per curiam opinion on April 18, 1951, where we said the following:

"The only question of law raised in this case is whether the plaintiffs were entitled to receive the wages fixed in the decree during the time the decree was suspended by the Minimum Wage Board—from January 22, 1947 until May 7, 1947—by virtue of the motion for reconsideration, filed with the Board by the Bayamón Transit Co., which was thereafter denied. The purpose of the suspension, while the motion for reconsideration was under advisement, was to avoid the necessity of payment by the company of wages fixed in the decree during the period of suspension, in the event the motion for reconsideration prospered; but once the motion was denied, the suspension had no legal effect and the defendants were required to pay the plaintiffs the wages fixed in the decree for the entire time they worked for the company; i.e., from January 18, 1947 until October 31, 1947, as the lower court held. See Section 24(c)

and (*f*) of Act No. 217 of May 11, 1945, amending Act No. 8 of April 5, 1941."

After re-examining the question presented by this assignment, we adhere to the ruling in the *Ramos Mimoso* case.

 The second assignment is that the lower court erred in refusing to dismiss the claims of those plaintiffs who did not appear at the hearing of the case. In making this contention, the appellant relies on § 5 of Act No. 10 of November 14, 1917, as amended by Act No. 182, Laws of Puerto Rico, 1948, reading in part as follows: "Where the parties shall fail to appear at the act of the hearing or where the defendant only shall appear, the court shall dismiss the claim; but where the complainant only appears the court shall, at the instance of the complainant, render judgment against the defendant, granting the remedy sought."

We cannot agree with the appellant that § 5 requires the plaintiff to appear personally in a wage suit. On the contrary, we think the Legislature obviously intended that the parties shall appear either in person or by counsel. To hold otherwise would create for both parties a tremendous burden with no useful purpose, particularly where their testimony is not required. Our view of § 5 is reinforced by the terms of § 2 of Act No. 10, as amended.[1] The plaintiffs appeared

---

[1] The latest amendment of § 2 is found in Act No. 150, Laws of Puerto Rico, 1950. But for years it has remained substantially unchanged insofar as the point before us is concerned. It provides in part that "The judge shall issue an order for serving copy of the complaint on the defendant, warning him that he shall file his answer in writing, with proof of having served copy thereof *on counsel for complainant or on the latter if he has appeared in his own right,* within ten (10) days after said service of notice, if made in the judicial district where the action is instituted, and within fifteen (15) days in all other cases, and warning also said defendant that should he fail to do so, judgment shall be entered against him, granting the remedy sought, without further summons or hearing. The judge may extend the term to answer only on motion of the defendant, which shall be served *on counsel for complainant or on the latter if he appears in his own right,* setting forth under oath the reasons which said defendant may have therefor, if from the face of such motion the judge finds just cause." (Italics ours.)

here at all times during the trial through the Commissioner of Labor, who was in turn represented by counsel. See § 25, Act No. 8, Laws of Puerto Rico, 1941, as amended by Act No. 451, Laws of Puerto Rico, 1947. The lower court therefore did not commit the second error.

 The third assignment is that the lower court erred in granting the claims of plaintiffs Miguel Delgado, Jorge Román and Juan Montalvo. As to Delgado and Román, who obtained judgments for $1 each, the appellee concedes that the judgment was erroneous. It will therefore be modified to exclude these two items.

As to Juan Montalvo, the lower court dismissed the complaint insofar as wages were claimed for him as a mechanic, a skilled employee. However, the lower court did grant his claim in the amount of $31.80 plus a similar amount as a penalty by virtue of his employment as a mechanic's assistant, a semi-skilled employee. This claim is amply sustained by the records of the defendant himself. It is true that Montalvo was produced as a witness for the defendant and testified that the employer does not owe him anything and that he had not authorized the Commissioner of Labor to include him as a plaintiff in the instant case. But cases still arise, including apparently this case, where employees are not aware of their rights. The Commissioner was following the mandate of the Legislature laid down in § 25 of Act No. 8 as amended in pressing this action in favor of Montalvo to whom the defendant owed money according to his own records. Under those circumstances the defendant cannot take refuge in the ignorance of Montalvo as to his rights or his failure specifically to authorize his joinder as a plaintiff.

The judgment of the district court will be modified by eliminating the provision for judgment in favor of Miguel Delgado and Jorge Román for $1 each. As thus modified, the judgment will be affirmed.